Civil action to recover damage to automobile allegedly caused by actionable negligence of defendants.
Plaintiff alleges in his complaint that on 19 June, 1945, he was deputy sheriff of Alamance County, and that while proceeding in his automobile toward the plant of the Burlington Mills, along a street known as Midway Avenue, in the city of Burlington, North Carolina, it was damaged as the proximate result of negligence of defendant Calvin Slade, in the operation of a truck belonging to feme defendant Trollinger, in the course of his employment by her and within the scope of his authority, in that, summarily stated, said truck was operated (1) without proper mirror for view of highway to rear in violation of provisions of G.S., 20-126, and (2) at a rate of speed in excess of forty miles per hour in a residential district in violation of provisions of G.S., 20-141, and (3) in that the truck was stopped on the highway without first seeing that such movement could be done in safety, and without giving signal as required, in violation of provisions of G.S., 20-154.
Defendants, answering, deny plaintiff's allegations of negligence, and aver that at the time mentioned defendant Calvin Slade was operating a truck belonging to feme defendant in connection with here coal yard business; that the weather was rainy and the pavement was wet, and that the automobile owned and operated by plaintiff suddenly crashed into the rear end of the truck operated by Calvin Slade as he had brought said truck to a stop behind another car headed in the same direction. And for a further defense, defendants aver that the "automobile operated by plaintiff was not being operated in the chase or apprehension of violators of the law or of persons charged with or suspected of any such violation, but was being operated by plaintiff at a high and unlawful rate of speed and in reckless disregard of safety of others," and that these defendants "plead such acts as contributory negligence on the part of the plaintiff, and as the sole, direct, proximate cause of said collision."
Upon the trial below, plaintiff, as witness for himself, testified to substantially these facts: On afternoon of 19 June, 1945, while he, a deputy sheriff of Alamance County, was traveling in his automobile toward the city of Burlington, between the city of Graham and the railroad, the truck of feme defendant, driven by defendant Calvin Slade, traveling at speed of forty-five miles per hour, passed him, and continued to travel at that speed something like a quarter of a mile, until it slowed down to ten miles per hour at a filling station corner, a right angle curve, and then proceeded at a speed of forty miles per hour along Midway Avenue toward Burlington Mills until it suddenly stopped, on its right hand side of the paved surface of the street at a point near the entrance to the Hardin house, about 100 to 150 yards before reaching another right hand *Page 86 
curve at the Burlington Mills building, without giving any signal of intention to stop. After the truck passed plaintiff he "fell in behind" it and drove his automobile about fifty feet "right behind the truck," at about the speed the truck was traveling, until near the entrance to the Hardin house. And plaintiff described what followed in this manner: "I started up beside him to siren him. When I pulled up beside him there was another car coming around the sharp curve into Midway Avenue so I dropped back behind him to let that car go by. That car was meeting us. When I dropped back behind him he slammed on his brakes all of a sudden and stopped right in front of me. He did not give any signal before he stopped . . . I hit him behind . . . It was raining pretty hard and the road was wet and slick . . . At a time when I was 150 yards from a right hand curve, I was traveling in excess of 40 miles per hour immediately behind the truck . . . and over a road that I knew ran into a right angle curve at the Burlington Mills building. I collided with the rear of defendant's truck without having had time to apply my brakes . . . I was a car length behind him . . . As I turned to the left of the highway to go past this truck, I saw another car meeting us and also another car on Midway Avenue immediately in front of the truck driven by Calvin Slade. I did not see the car in front of Calvin Slade stop at the entrance into the Hardin house to make a left hand turn going into it . . . After the collision took place, I found a Chevrolet automobile driven by Mrs. Hardin stopped on the highway opposite the entrance to the driveway into the Hardin house, and the truck was something like 5 or 6 feet from that car."
On the other hand, defendant Calvin Slade, as witness for defendants, testified in pertinent part as follows: "I was on my way back to the coal yard. As I went along the highway up Midway Avenue toward Burlington Mills, I came up behind another car which was being driven by a woman. I was driving between 35 and 40, I think, and she was right in front of me. She was driving about the same speed when it came around the curve, and she stopped might near crossways of the road, and I stopped behind her. She did not give me any signal and I didn't give any signal, I didn't have time. I didn't know Mr. Glosson was behind me. The highway was wet and slick. I stopped my truck about five foot behind the car . . . After Mr. Glosson ran into the back end of the truck, it knocked her car toward the house. My bumper hit her trunk . . . I had stopped my truck before Mr. Glosson hit the rear of it . . ."
The case was submitted to the jury upon the usual issues as to negligence of defendants, contributory negligence of plaintiff, and damages. The jury answered the issues as to both negligence of defendants and contributory negligence of plaintiff in the affirmative. *Page 87 
Pursuant thereto the court signed judgment that the plaintiff take nothing by the action, and that he be taxed with the cost, from which he appeals to Supreme Court and assigns error.
Plaintiff, as appellant, assigns as error (1) the submission of the issue as to contributory negligence, (2) the charge of the court with reference to provisions of G.S., 20-145, and (3) the failure of the court to apply the provisions of G.S., 20-145, to the facts in the case.
It is pertinent, therefore, to turn first to the statute, G.S., 20-141, pertaining to restrictions upon speed of motor vehicles in this State. It provides in pertinent part that no person shall drive a motor vehicle on a highway at a speed greater than is reasonable and prudent under the conditions then existing, and that where no special hazard exists a speed of twenty-five miles per hour in any residential district shall be lawful, but any speed in excess thereof "shall be prima facie evidence that the speed is not reasonable or prudent and that it is unlawful." But Section G. S., 20-145 of Article 3 of the Motor Vehicles Act of 1937 provides, in so far as pertinent to case in hand, that "The speed restrictions set forth in this article shall not apply to vehicles when operated with due regard for safety under the direction of the police in the chase or apprehension of violators of the law or of persons charged with or suspected of any such violation . . . This exemption shall not, however, protect the driver of any such vehicle from the consequence of a reckless disregard of the safety of others."
In the light of these two statutes, the evidence shown in the case on appeal in the record in present action is sufficient to justify and support the submission of an issue of contributory negligence. In that connection, a reading of the charge of the court discloses that plaintiff was given full benefit of the provisions of G.S., 20-145. Also, it would seem that the presiding judge, in charging the jury, substantially complied with the provisions of G.S., 1-180, in declaring and explaining the law arising upon the evidence in the case. And the evidence presents in the main issues of fact for the jury, — and in the judgment on the jury's verdict, we find
No error. *Page 88