PHILLIP DEAN COLLINS v. CHARLES WALKER CHRISTENBERRY
No.6925SC525

(Filed 19 November 1969)

**1. Negligence § 35— nonsuit for contributory negligence**
    Nonsuit on the ground of plaintiff's contributory negligence is proper only if plaintiff's evidence, considered in the light most favorable to him, so clearly establishes his own negligence as one of the proximate causes of his injury that no other reasonable inference may be drawn therefrom.

**2. Automobiles § 77; Highways and Cartways § 3— law officer conducting "running roadblock" — contributory negligence**

In this action by a highway patrolman for personal injuries received in an automobile collision which occurred when defendant, while driving a stolen vehicle at a high rate of speed and being pursued by another patrolman, attempted to pass the patrol car being driven by plaintiff, plaintiff's evidence that he was attempting to stop defendant with a "running roadblock" by keeping in front of the car driven by defendant and thereby forcing defendant to slow down and eventually to stop, *is held* not to disclose that plaintiff was contributorily negligent as a matter of law.

**3. Automobiles § 16; Highways and Cartways § 3— duty of overtaken vehicle to yield right-of-way — law officer conducting "running roadblock"**

Provision of G.S. 20-151 requiring the driver of a vehicle about to be overtaken to yield the right-of-way did not apply to a highway patrolman who set up a "running roadblock" in an attempt to stop a stolen car being pursued by another patrolman, since an exemption for police vehicles from G.S. 20-151 in case of a running roadblock may be reasonably implied.

**4. Automobiles § 7; Highways and Cartways § 3; Negligence § 1— police officer in pursuit of lawbreaker — Motor Vehicle Act — standard of care**

A police officer, when in pursuit of a lawbreaker, is not to be deemed negligent merely because he fails to observe the requirements of the Motor Vehicle Act, but he is required to observe the care which a reasonably prudent man would exercise in the discharge of official duties of a like nature under like circumstances.

**5. Automobiles § 45; Appeal and Error § 49— exclusion of evidence — harmless and prejudicial error**

In this action by a highway patrolman for personal injuries received in an automobile collision while conducting a "running roadblock" in an attempt to stop a stolen car driven by defendant, the trial court did not commit prejudicial error in sustaining objections to questions asked plaintiff on cross-examination as to whether he had knowledge of the statute requiring the operator of a motor vehicle to yield to faster moving traffic, whether he knew there would be danger to other slower traffic at the speed he was traveling, and whether he knew of any Highway Patrol rule ordering him to set up a running roadblock, defendant's counsel not having been prevented from developing fully all facts supporting his theory of the law applicable in this case.

**6. Automobiles § 90; Highways and Cartways § 3— highway patrolman conducting running roadblock — standard of care — instructions**

In this action by a highway patrolman for injuries received in an automobile collision while conducting a "running roadblock" in an attempt to stop a stolen car driven by defendant and pursued by another patrolman, the trial court correctly instructed the jury as to the standard of care required of a police officer while engaged in his official duties.

APPEAL by defendant from *Beal, J.,* 16 December 1968 Special Civil Session of BURKE Superior Court.

This is a civil action in which plaintiff, a North Carolina Highway Patrolman, seeks to recover damages for personal injuries he suffered as result of an automobile collision which occurred on Interstate Highway No. 40 near Morganton, N. C., when defendant, while driving a stolen vehicle at a high rate of speed, attempted to pass the patrol car being driven by plaintiff. Defendant denied negligence on his part and pleaded contributory negligence on the part of plaintiff.

Plaintiff's evidence in substance tended to show: At 10:30 p.m. on 1 February 1967 plaintiff, a member of the North Carolina Highway Patrol with twelve and one-half years' service, was on duty in his patrol car on Highway No. 70 west of Morganton, N. C. He received a radio message that Highway Patrolman Adams was in pursuit of a stolen car traveling in excess of 100 miles per hour east on Interstate No. 40 and that Patrolman Adams requested assistance in getting the car stopped. Interstate No. 40 is a four-lane divided highway having two lanes for eastbound and two lanes for westbound traffic, the eastbound and westbound lanes being divided by a grass median strip. The posted speed limit was 65 miles per hour. Patrolman Adams, accompanied by a deputy sheriff, had pursued the stolen car, driven by defendant, for approximately fourteen miles, traveling at speeds in excess of 100 miles per hour. As Adams and the car he was pursuing approached Kathy Road on Interstate 40, Adams contacted plaintiff by radio. As advised by Adams, plaintiff proceeded in his patrol car to the intersection of Kathy Road and Interstate 40 and entered the eastbound lanes of Interstate 40 from the Kathy Road ramp some distance ahead of the cars driven by the defendant and Adams. Plaintiff turned on the blue flashing light on top of his patrol car and also turned on the emergency flashers which caused the two red taillights and the front parking lights of his patrol car to flash in unison. When plaintiff first came onto Interstate 40 he did not see the car driven by defendant or the pursuing car driven by Adams. When these came into view behind him, plaintiff was traveling approximately 100 miles per hour, which was the speed which Adams had advised plaintiff the defendant was driving. Plaintiff gradually decreased the speed of his patrol car and attempted to set up a "running roadblock" by keeping in front of the car driven by defendant and thereby forcing defendant to slow down and eventually to stop. As defendant changed lanes, plaintiff also changed lanes so as to keep in front of and to block defendant's car. While still traveling at a high rate of speed,

defendant drove up to and bumped the rear of plaintiff's patrol car several times ·in rapid succession, and then tried to pass on the left while plaintiff's patrol car was traveling in the left-hand lane. Defendant drove partly on the median which ·separates the eastbound and westbound lanes of Interstate 40 and moved up alongside plaintiff's patrol car. Defendant's car then swerved back onto the pavement, colliding with the left side of plaintiff's patrol car, sending both cars out of control and off of the road. Plaintiff was injured in the resulting wreck.

Defendant admitted in his pleadings that at the time of the wreck he was an escapee from a state prison camp and was driving a stolen car in an effort to make good his escape.

At the close of plaintiff's evidence, defendant's motion for nonsuit was denied. Defendant did not introduce any evidence, and the case was submitted to the jury on issues of negligence, contributory negligence, and damages. The jury answered all issues in plaintiff's favor, awarding him damages in the amount of $12,500.00, and from judgment on the verdict, defendant appealed.

*Byrd, Byrd & Ervin, by Robert B. Byrd and John W. Ervin, Jr., for plaintiff appellee.*

*Smathers & Ferrell, by James C. Smathers and Larry W. Pitts, for defendant appellant.*

PARKER, J.

On this appeal defendant concedes his own negligence but contends nonsuit should have been allowed on the ground that plaintiff was contributorily negligent as a matter of law. We do not agree.

**[1, 2]**  It is elementary that nonsuit on the ground of plaintiff's contributory negligence is. proper only if plaintiff's evidence, considered in the light most favorable to him, so clearly establishes his own negligence as one of the proximate causes of his injury that no other reasonable inference may be drawn therefrom. *Anderson v. Carter,* 272 N.C. 426, 158 S.E. 2d 607; *Black v. Wilkinson,* 269 N.C. 689, 153 S.E. 2d 333; *Pruett v. Inman,* 252 N.C. 520, 114 S.E. 2d 360. Considering the plaintiff's evidence in the present case in the light most favorable to him, we agree with the trial court's conclusion that it does not so clearly establish negligence on his part as one of the proximate causes of his injury that no other reasonable inference may be drawn, and accordingly we hold the trial court was without error in overruling defendant's motion for nonsuit.

**[2]** It was plaintiff's duty to assist his fellow officers in attempting to stop and apprehend the defendant. In performing that duty he was unavoidably subjected to great personal danger. The duty of a police officer frequently involves danger; such is the nature of his job. Therefore, we are not here concerned with any question as to whether plaintiff acted so as to avoid all risk of personal injury; if he performed his duty, he necessarily incurred some risk. While we agree with the statement contained in defendant's brief that there was "extreme danger involved in two vehicles touching or bumping each other at a speed of 100 miles per hour," this extreme danger was primarily of defendant's creation. Given plaintiff's obligation to attempt to stop the defendant, the setting up of a "running roadblock" may have been the safest method which he could pursue. The only question is whether in performing his duty he exercised such care for his own safety as a prudent man would have exercised in the discharge of official duties of a like nature under like circumstances. As stated in 60A C.J.S., Motor Vehicles, § 375, p. 708, the true rule is that "the standard of care which the law requires is the same for drivers of police vehicles as for drivers of ordinary vehicles, the standard being such care as a prudent man would exercise in the discharge of official duties of a like nature under like circumstances." In the present case it was for the jury to determine whether plaintiff exercised such care as a prudent man would exercise in the discharge of official duties of a like nature under like circumstances. Certainly plaintiff's evidence does not so clearly establish his own negligence that no other reasonable inference may be drawn therefrom.

**[3]** Defendant, however, contends that in setting up the "running roadblock," plaintiff violated the provisions of G.S. 20-151 and was therefore guilty of negligence *per se*. G.S. 20-151 in pertinent part provides:

> "The driver of a vehicle about to be overtaken and passed by another vehicle approaching from the rear shall . . . give way to the right in favor of the overtaking vehicle on suitable and audible signal being given by the driver of the overtaking vehicle. . . ."

In support of his contention, defendant points to G.S. 20-145, which provides that statutory speed limitations "shall not apply to vehicles when operated with due regard for safety under the direction of the police in the chase or apprehension of violators of the law," and contends that since there is no similar express statutory exemption from the requirements of G.S. 20-151, this latter statute was

applicable to the plaintiff under the circumstances of this case. We do not agree, however, with defendant's basic assumption that the Legislature, by including the express exemption for police vehicles when operated with due regard for safety in G.S. 20-145, thereby evidenced an intent that there be no exemption under any circumstances from other sections of the Motor Vehicle Act for police vehicles while being similarly operated. Adoption of defendant's assumption is required neither by reason nor authority and would unnecessarily hinder the State Highway Patrol in performance of its duties. By G.S. 20-188 the Patrol is directed to "enforce all laws and regulations respecting travel and use of vehicles upon the highways of the State." Imposition of this duty implies the right to employ reasonable means in a reasonable manner in fulfilling it. For example, there is no express exemption for police vehicles from the provisions of G.S. 20-161, which prohibits parking on the main traveled portion of any highway, just as there is no express exemption for police vehicles from the provisions of G.S. 20-151, which requires the driver of a vehicle about to be overtaken to yield the right-of-way. Nevertheless, as the facts in the present case illustrate, erection of some type of roadblock, whether stationary or running, may be the only practical method of stopping a determined and reckless lawbreaker. Under such circumstances exemption for police vehicles from G.S. 20-161 (in case of a stationary roadblock) or from G.S. 20-151 (in case of a running roadblock), may be reasonably implied.

[4]     In *Goddard v. Williams,* 251 N.C. 128, 110 S.E. 2d 820, Denny, J. (later C.J.), quoted with approval from *Edberg v. Johnson,* 149 Minn. 395, 184 N.W. 12, as follows:

> "We do not hold that an officer, when in pursuit of a lawbreaker, is under no obligation to exercise a reasonable degree of care to avoid injury to others who may be on the public roads and streets. What we do hold is that, when so engaged, he is not to be deemed negligent merely because he fails to observe the requirements of the Motor Vehicle Act. His conduct is to be examined and tested by another standard. He is required to observe the care which a reasonably prudent man would exercise in the discharge of official duties of a like nature under like circumstances."

In our opinion, this is a correct statement of the law applicable to the present case.

[5]     Defendant also assigns as error the court's action in sustaining objections to certain questions asked of the plaintiff on cross-

examination. On cross-examining the plaintiff, defendant's counsel asked if he had knowledge of the statute requiring the operator of a motor vehicle to yield to faster moving traffic, if he knew there would be danger to other slower traffic at the speed he was traveling, and if he knew of any Highway Patrol rule ordering him to set up a running roadblock. Out of the hearing of the jury, plaintiff answered that he was familiar with the statute requiring slower moving traffic to yield, that he could see the road in front of him for over a mile and it was clear of any traffic, and that the Patrol is taught the procedure for setting up a running roadblock but he did not know if there was any law providing for it. Defendant suffered no prejudicial error when the court sustained the objections to his questions and excluded the answers from the jury. Defendant's able counsel was not unduly restricted in his cross-examination of the plaintiff and was not prevented from developing fully all facts supporting his theory of the law applicable in this case. In his assignments of error directed to the court's rulings sustaining objections to his questions referred to above, we find no prejudicial error.

[6]    We have also carefully examined defendant's assignments of error based on his exceptions to portions of the trial court's charge to the jury, and find that the court correctly instructed the jury as to the standard of care required of a police officer while engaged in discharge of his official duties consistent with the standard approved by our Supreme Court in *Goddard v. Williams, supra,* and with our holding above. In the charge as a whole we find no error prejudicial to defendant.

In the trial we find

No error.

CAMPBELL and GRAHAM, JJ., concur.