KIMBERLY (HICKS) YOUNG v. CHRISTOPHER ALLEN WOODALL in his individ-
ual capacity and as an officer of the Winston-Salem Police Department and
WINSTON-SALEM POLICE DEPARTMENT and THE CITY OF WINSTON-SALEM

No. 265PA95

(Filed 13 June 1996)

**1. Automobiles and Other Vehicles § 333 (NCI4th)— pursuing
officer—exemption from speed limit—gross negligence
standard**

A pursuing officer is exempt from observing the speed limit
pursuant to N.C.G.S. § 20-145 except when he acts with "a reck-
less disregard of the safety of others," which is a gross negligence
standard.

**Am Jur 2d, Automobiles and Highway Traffic §§ 207,
208.**

**Necessity and propriety of instruction as to prima facie
speed limit. 87 ALR2d 539.**

**2. Automobiles and Other Vehicles § 333 (NCI4th); Sheriffs,
Police and Other Law Enforcement Officers § 21
(NCI4th)— pursuing officer—exceeding speed limit—
absence of gross negligence**

Although plaintiff's forecast of evidence may have shown
ordinary negligence by defendant police officer, it was insuffi-
cient to show gross negligence by the officer within the meaning
of N.C.G.S. § 20-145 where it tended to show that the officer saw
a car approaching him with only one headlight on; the officer
started following this vehicle, but he did not activate his blue
light and siren; the officer did not know the speed at which he
was traveling, but it might have been in excess of the posted limit;
a witness said she saw the officer traveling at a high rate of speed
immediately before the accident; police department policy
required that the blue light and siren be activated when a patrol
car exceeded the speed limit; the officer entered an intersection
while a yellow caution light was flashing in his direction and
struck plaintiff's vehicle while it was making a left turn; and the
officer testified that his headlights were on, but a witness stated
that she could not tell whether they were on.

**Am Jur 2d, Automobiles and Highway Traffic §§ 207,
208.**

YOUNG v. WOODALL

[343 N.C. 459 (1996)]

Justice FRYE dissenting.

Justice WHICHARD dissenting.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 119 N.C. App. 132, 458 S.E.2d 225 (1995), affirming in part and reversing in part the denial of the defendants' motion for summary judgment, entered by Hooks, J., on 6 April 1994 in Superior Court, Forsyth County. Heard in the Supreme Court 11 December 1995.

This is an action for personal injury and property damage growing from an automobile accident that occurred in the City of Winston-Salem. Defendant Christopher Allen Woodall was an officer with the City of Winston-Salem Police Department and was acting in the performance of his duties at the time of the accident.

The defendants moved for summary judgment. The materials filed in support and in opposition to the summary judgment motion showed that at approximately 2:00 a.m. on 30 May 1992, defendant Woodall was on duty and driving in a northerly direction on Peters Creek Parkway when he saw a Chevrolet Camaro approaching him with only one headlight on. Officer Woodall turned and started following this vehicle. He did not activate his blue light or siren, he said, because if he had done so, it would have given the car he was following a better chance to elude him. He intended to activate his blue light when he was closer to the vehicle he was following.

Officer Woodall said he did not know the speed at which he was traveling, but it might have been in excess of forty-five miles per hour, which was the posted speed limit. The Winston-Salem Police Department's policy requires that the blue light and siren be activated when a patrol car exceeds the speed limit. A witness to the accident said she saw defendant Woodall traveling at a high rate of speed immediately before the accident. The witness said she could not "say for certain whether or not the headlights of the vehicle were on."

At the time defendant Woodall was traveling south on Peters Creek Parkway, the plaintiff was proceeding in a northerly direction on the Parkway, approaching Officer Woodall's oncoming vehicle. A yellow caution light was flashing as Officer Woodall approached the intersection. When plaintiff made a left turn at the intersection of the Parkway and Link Road, her vehicle was hit by the vehicle driven by the defendant.

The City of Winston-Salem did not have liability insurance for the first $2,000,000 of any claim against it and did not participate in a local government risk pool pursuant to N.C.G.S. § 160A-485 at the time of the accident. The superior court granted the motion for summary judgment as to the Police Department and denied the motion as to the City and Officer Woodall.

The Court of Appeals reversed in part. It held that the City and Officer Woodall were entitled to summary judgment based on sovereign immunity for claims up to and including $2,000,000 except claims of negligence based on N.C.G.S. § 20-145.

We allowed defendants' petition for discretionary review.

*Wright, Parrish, Newton & Rabil, L.L.P., by Melvin F. Wright, Jr., and Nils E. Gerber, for plaintiff-appellee.*

*Womble Carlyle Sandridge & Rice, P.L.L.C., by Gusti W. Frankel, for defendants-appellants.*

*AnnFrances M. Shaver, High Point Police Attorney, amicus curiae for North Carolina Association of Police Attorneys.*

WEBB, Justice.

The Court of Appeals' opinion in this case is grounded in large part on its reading of N.C.G.S. § 20-145, which provides in part:

> The speed limitations set forth in this Article shall not apply to vehicles when operated with due regard for safety under the direction of the police in the chase or apprehension of violators of the law or of persons charged with or suspected of any such violation . . . . This exemption shall not, however, protect the driver of any such vehicle from the consequence of a reckless disregard of the safety of others.

N.C.G.S. § 20-145 (1993). The Court of Appeals, relying on *Bullins v. Schmidt*, 322 N.C. 580, 369 S.E.2d 601 (1988), and *Goddard v. Williams*, 251 N.C. 128, 110 S.E.2d 820 (1959), held that the last sentence of section 20-145, which makes police officers liable for "the consequence[s] of a reckless disregard of the safety of others," holds such officers to the standard of care that a reasonably prudent person would exercise in the discharge of his duties. This is ordinary negligence. The Court of Appeals held that because Officer Woodall could

be liable for ordinary negligence, he could be sued in his official capacity, which means the City would be liable for his tort.

The Court of Appeals' reading of *Bullins* and *Goddard* is certainly reasonable. In *Goddard,* we granted a new trial when the court charged the jury "that the defendant would not be liable upon any aspect of negligence unless you . . . find . . . that the conduct of the officer . . . was intentional, purposeful, and made for the purpose of injuring the plaintiff." *Goddard,* 251 N.C. at 132, 110 S.E.2d at 823. In that case, we said, "[A]n officer is liable for his negligent acts as well as his wilful and wanton acts." *Id.* at 133, 110 S.E.2d at 824.

In *Bullins*, the plaintiff's intestate was killed when his automobile was hit by a vehicle being driven at a high rate of speed in an attempt to avoid the police. In *Bullins*, we distinguished *Goddard* on the ground that the collision in *Goddard* was between the pursuing officer and the plaintiff. We said in *Bullins* that when the pursuing law enforcement vehicle does not collide with another vehicle, the statutory standard of reckless disregard of the safety of others applies. *Bullins,* 322 N.C. at 582, 369 S.E.2d at 603.

[1] We can see no good reason why there should be a distinction between the standards of care based on whether the officer's vehicle was in the collision. The statute makes no such distinction. The statute sets the standard, and it is gross negligence. In *Goddard,* the Court seemed to rely on that part of the first sentence of the section which says the speed limit shall not apply to vehicles "operated with due regard for safety under the direction of the police." We held, relying on this phrase, that an officer is liable if the jury finds he is either negligent or that he was proceeding in reckless disregard of the safety of others. *Goddard,* 251 N.C. at 133, 110 S.E.2d at 824. We do not believe the General Assembly intended to provide two different standards of care in one section of the statute. It seems clear to us that the standard of care intended by the General Assembly involves the reckless disregard of the safety of others, which is gross negligence.

The plaintiff argues that whatever the intent of the General Assembly when the statute was adopted, this Court held in *Goddard,* which was decided in 1959, that the standard of care provided by the statute is an ordinary negligence standard. *Id.* at 133, 110 S.E.2d at 824. The General Assembly has not amended the statute to change this result, and it is now settled as the law, says the plaintiff. The failure of a legislature to amend a statute which has been interpreted by

a court is some evidence that the legislature approves of the court's interpretation. *But cf. DiDonato v. Wortman*, 320 N.C. 423, 435, 358 S.E.2d 489, 490 (1987) (stating that legislative inaction is not necessarily evidence of legislative approval, and that the inquiry must focus on the statute itself). In this case, the meaning of the statute is clear. We do not need this canon of construction. In order to have recovered against Officer Woodall, the plaintiff would have to have proved Officer Woodall was grossly negligent. So far as *Goddard* is inconsistent with this case, it is overruled.

[2] Applying the gross negligence standard, we hold the superior court should have granted Officer Woodall's motion for summary judgment. His following the Camaro without activating the blue light or siren, his entering the intersection while the caution light was flashing, and his exceeding the speed limit were acts of discretion on his part which may have been negligent but were not grossly negligent. Officer Woodall testified his headlights were on. A witness said she could not tell whether they were on. This is not evidence that the headlights were off. The forecast of evidence did not show Officer Woodall was grossly negligent. If this evidence had been introduced at trial, the plaintiff's claim against Officer Woodall should have been dismissed. Summary judgment should have been allowed in his favor. *Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 251 S.E.2d 419 (1979).

If Officer Woodall is not liable, the City is not liable under the doctrine of *respondeat superior*. Summary judgment should have been allowed for the City.

The defendants and the *amicus curiae* brief filed by the North Carolina Association of Police Attorneys advance several public policy arguments in favor of absolute immunity. The parties argue that public policy is against subjecting a police officer in this situation to a trial. Absolute immunity is necessary to encourage people to enter public service. They say it is also necessary to enable police officers to perform their duties fully and effectively without fear of liability. Although we acknowledge these arguments, we are bound by the language of the statute. N.C.G.S. § 20-145 clearly states that "[t]his exemption shall not, however, protect *the driver* . . . from the consequence of a *reckless disregard of the safety of others*." (Emphasis added.) Any change to the plain language of the statute must be made by the legislature.

We reverse that part of the decision of the Court of Appeals which allowed the plaintiff to proceed under N.C.G.S. § 20-145. We remand

to the Court of Appeals for further remand to the superior court for the entry of a judgment consistent with this opinion.

REVERSED AND REMANDED.

Justice FRYE dissenting.

As the majority notes, this Court held in *Goddard v. Williams*, 251 N.C. 128, 110 S.E.2d 820 (1959), that the standard of care provided by N.C.G.S. § 20-145 is an ordinary negligence standard. *Goddard*, 251 at 133, 110 S.E.2d at 824. This statute was recently before this Court in *Bullins v. Schmidt*, 322 N.C. 580, 369 S.E.2d 601 (1988), where we said:

> This Court has established the standard of care where the conduct of an officer in the chase or apprehension of a law violator results in the *officer's* vehicle colliding with another person, vehicle, or object. *The officer is held to the standard of care that a reasonably prudent person would exercise in the discharge of official duties of a like nature under like circumstances.* If the officer complies with this standard under these circumstances, he is exempt from the statutory speed laws. *Goddard v. Williams*, 251 N.C. 128, 110 S.E.2d 820 (1959); *Glossom v. Trollinger*, 227 N.C. 84, 40 S.E.2d 606 (1946); *Collins v. Christenberry*, 6 N.C. App. 504, 170 S.E.2d 515 (1969).

*Id.* at 582-83, 369 S.E.2d at — (emphasis added). As the plaintiff notes, the General Assembly has not amended the statute to change the ordinary negligence standard, and until today it was settled as the law.

The majority now says that the meaning of the statute is clear and overrules *Goddard* in so far as *Goddard* "is inconsistent with this case."

I do not believe the statute is so clear that we should overrule *Goddard* and those cases which have followed it for decades as the proper interpretation of the statute passed by the General Assembly.

While the Court in *Bullins* stated a different standard of care when the injuries complained of do not result from the officer's vehicle colliding with another person, vehicle, or object, the opinion concluded that the officers in that case were not negligent in pursuing and continuing to pursue the vehicle. Thus, the Court apparently

would have reached the same result had it simply applied the *Goddard* standard to the facts of that case without stating a different standard. Having restated the *Goddard* standard so recently, I would not now discard it.

Therefore, I respectfully dissent from the majority's opinion in this case.

Justice WHICHARD dissenting.

Section 20-145 of the North Carolina General Statutes exempts law enforcement officers from speed laws while in pursuit of violators of the law. However, the exemption does not "protect the driver of any such vehicle from the consequence of a reckless disregard of the safety of others." N.C.G.S. § 20-145 (1993). In *Goddard v. Williams*, 251 N.C. 128, 110 S.E.2d 820 (1959), this Court interpreted Section 20-145 as requiring an officer to "observe the care which a reasonably prudent man would exercise in the discharge of official duties of a like nature under like circumstances." *Id.* at 134, 110 S.E.2d at 824. Thus, under *Goddard,* "an officer is liable for his negligent acts as well as for his wilful and wanton acts." *Id.* at 133, 110 S.E.2d at 824.

The majority now overrules the ordinary negligence standard from *Goddard* and replaces it with one imposing liability only when the officer acts with gross negligence. I agree. The language of N.C.G.S. § 20-145 is clear. A pursuing officer is exempt from observing the speed limit except when he acts with "a reckless disregard of the safety of others." Gross negligence is wanton conduct done with conscious or reckless disregard for the rights and safety of others. *Bullins v. Schmidt*, 322 N.C. 580, 583, 369 S.E.2d 601, 603 (1988). Therefore, the majority correctly holds that reckless disregard is tantamount to gross negligence, not ordinary negligence as enunciated in *Goddard,* and that gross negligence is the standard to which law enforcement officers should be held under N.C.G.S. § 20-145.

Applying the gross negligence standard, the majority also concludes, however, that the trial court should have granted Officer Woodall's motion for summary judgment. I disagree. Summary judgment is appropriate when there is no genuine issue of material fact and the undisputed facts establish that a party is entitled to judgment as a matter of law. N.C.G.S. § 1A-1, Rule 56(c) (1990). It is a drastic measure and should be employed with caution. *Koontz v. City of Winston-Salem*, 280 N.C. 513, 518, 186 S.E.2d 897, 901 (1972).

Defendant, as the movant, has the burden of establishing that no triable issue of fact exists. *Roumillat v. Simplistic Enters., Inc.*, 331 N.C. 57, 62-63, 414 S.E.2d 339, 341-42 (1992). All inferences of fact must be drawn against the movant and in favor of the nonmovant. *Id.*

With these principles in mind, the record shows without dispute that upon turning around and giving chase to the Camaro, Officer Woodall entered the intersection of Link Road and Peters Creek Parkway while a yellow caution light was flashing in his direction. He did not activate his blue lights or siren, nor did he notify the police dispatcher of his intentions to pursue the Camaro, as departmental regulations required. Although he testified in his deposition that his speed was not excessive, a witness to the accident alleged in her affidavit that she "observed a police car travelling at a high rate of speed proceeding down Peters Creek Parkway." Woodall concedes that if he was speeding, department policy required him to turn on all of his emergency equipment. Further, whether he even had his headlights on is disputed. He asserts that they were on, while the witness said she could not "say for certain whether or not the headlights of the vehicle were on." This forecast of evidence is sufficient to create a genuine issue of material fact as to whether Officer Woodall acted with "a reckless disregard of the safety of others" within the meaning and intent of N.C.G.S. § 20-145; summary judgment was thus improper.

I therefore respectfully dissent.