The Full Commission has reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Jones and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Decision and Order. Accordingly, the Decision and Order of the Deputy Commissioner is affirmed, with minor modifications.
 ***********
The Full Commission finds as fact and concludes as matter of law the following, which were entered into by the parties at the hearing and in a Pre-Trial Agreement as:
 STIPULATIONS
1. This case is subject to the North Carolina Tort Claims Act and the North Carolina Industrial Commission has jurisdiction in this matter.
2. All parties have been correctly designated and there is no question as to misjoinder or joinder of parties.
3. On February 23, 1995, Kevin Patrick Woods was an employee or agent of the North Carolina Department of Crime Control and Public Safety.
4. As a result of plaintiffs injuries on February 23, 1995, plaintiff sustained injuries to his neck, back and shoulders.
5. On February 23, 1995 at 6:50 p.m., State Trooper Kevin Patrick Woods was traveling south on RP 1131. At that time Jeffrey Bray was traveling north on RP 1131. The vehicle operated by State Trooper Kevin Patrick Woods collided with the vehicle operated by Jeffrey Bray.
6. Plaintiffs medical records were stipulated into evidence as Stipulated Exhibit 1.
7. A transcript of the deposition of Dr. Thomaszek was stipulated into evidence as part of Stipulated Exhibit 1.
8. The accident report relating to this accident was stipulated into evidence as part of Stipulated Exhibit 1.
9. Plaintiffs affidavit was stipulated into evidence as part of Stipulated Exhibit 1.
10. All defendants exhibits were stipulated into evidence as part of Stipulated Exhibit 1.
11. The issue before the Full Commission is whether State Trooper Kevin Patrick Woods grossly negligent in carrying out his duties on February 23, 1995 when his vehicle collided with Jeffrey Brays vehicle.
 ***********
Based upon all of the competent evidence of record and the reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On February 23, 1995 at approximately 6:50 p.m., plaintiff was traveling in his 1980 Ford automobile north on Rural Paved Road 1131 in Wilson County, North Carolina near Sims, North Carolina.
2. At the same time and place, State Highway Patrolman Kevin Patrick Woods was traveling south on Rural Paved Road 1131 pursuing another vehicle.
3. As Trooper Woods approached a curve on Rural Paved Road 1131, Trooper Woods met Mr. Brays vehicle traveling in the opposite direction.
4. The speed limit on Rural Paved Road 1131 at the location of the accident was fifty-five (55) miles per hour. Trooper Woods vehicle was traveling at approximately sixty-five (65) miles per hour when it collided with Mr. Brays vehicle. Trooper Woods vehicle had entered the curve at a higher speed. Trooper Woods vehicle left tire impressions of 236 feet before striking Mr. Brays vehicle and traveled an additional 254 feet after striking Mr. Brays vehicle.
5. Rural Paved Road 1131 is a two-lane road and there were no unusual circumstances related to the weather or otherwise on February 23, 1995.
6. Trooper M. R. Johnson investigated the accident and indicated Trooper Woods was exceeding a safe speed and driving his vehicle left of the center lane.
7. Trooper Woods was not grossly negligent in carrying out his duties as Highway Patrolman in pursuit of another vehicle. The evidence does not support that Trooper Woods recklessly disregarded the safety of others in carrying out responsibilities of his duties as a State Highway Patrolman. Trooper Woods had sounded his siren and turned on flashing lights as he was in pursuit of the other vehicle.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission makes the following additional:
 CONCLUSIONS OF LAW
1. State Trooper Kevin Patrick Woods was not grossly negligent nor did he show reckless disregard for the safety of others while in pursuit of another vehicle on Rural Paved Road 1131 on February 23, 1995 when he struck the vehicle operated by Jeffrey A. Bray. Young v. Woodall,343 N.C. 459, 471 S.E.2d 357 (1996).
2. There was no gross negligence on the part of any named Officer of the State while acting within the scope of his office, employment service agency or authority that would proximately cause plaintiffs injury and plaintiff is entitled to no damages. N.C. Gen. Stat. 97-143-291 et seq.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Under the law, plaintiffs claim must be, and the same is hereby, DENIED.
2. Each side shall bear its own costs.
This 23rd day of January 2001.
 S/________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_________________ CHRISTOPHER SCOTT COMMISSIONER