JEFFREY ALLEN BRAY, Plaintiff v. NORTH CAROLINA DEPARTMENT OF CRIME CONTROL AND PUBLIC SAFETY, Defendant

No. COA01-660

(Filed 2 July 2002)

**Police Officers— negligence—collision during chase**

The Industrial Commission did not err in a Tort Claims action by determining that a Highway Patrol trooper was not grossly negligent and did not show reckless disregard for the safety of others while in pursuit of another vehicle. Plaintiff's distinctions from earlier cases did not justify reversal of the Commission's conclusion.

Appeal by plaintiff from decision and order entered 30 January 2001 by the North Carolina Industrial Commission. Heard in the Court of Appeals 15 April 2002.

*Stanley G. Abrams, for plaintiff-appellant.*

*Attorney General Roy Cooper, by Associate Attorney General Dahr Joseph Tanoury, for defendant-appellee.*

HUDSON, Judge.

Jeffrey Allen Bray ("plaintiff") appeals from a decision and order of the North Carolina Industrial Commission ("the Commission") denying his claim for damages. We affirm.

The facts, on the basis of stipulated evidence, are as follows. Plaintiff was injured on 23 February 1995 when the vehicle he was

driving was hit by a patrol car driven by State Highway Patrolman Kevin Patrick Woods. Prior to the accident, Trooper Woods and Trooper H.L. Cox were parked on the shoulder of the road when they observed a black Camaro operating with no mufflers. They began to pursue the Camaro, which then turned and accelerated to a high rate of speed. The troopers activated their lights and sirens. The Camaro failed to stop. Trooper Cox had positioned himself as the primary chase vehicle, and Trooper Woods was positioned as the secondary chase vehicle. During the course of the chase, the vehicles entered a curve. As he entered the curve, Trooper Woods lost control of his vehicle. Plaintiff's vehicle was entering the curve from the opposite direction, and Trooper Woods' vehicle collided with plaintiff's.

Plaintiff filed a claim for damages under the North Carolina Tort Claims Act. *See* N.C. Gen. Stat. § 143-291 (2001). Deputy Commissioner W. Bain Jones, Jr., denied plaintiff's claim in a decision and order filed on 13 June 2000. Plaintiff appealed to the Full Commission, which affirmed the decision and order of the deputy commissioner. Plaintiff now appeals the decision and order of the Full Commission.

Plaintiff challenges the Commission's determination that Trooper Woods was not grossly negligent. "Under the Tort Claims Act, 'when considering an appeal from the Commission, our Court is limited to two questions: (1) whether competent evidence exists to support the Commission's findings of fact, and (2) whether the Commission's findings of fact justify its conclusions of law and decision.' " *Fennel v. N.C. Dep't of Crime Control & Pub. Safety*, 145 N.C. App. 584, 589, 551 S.E.2d 486, 490 (2001) (quoting *Simmons v. N.C. Dept. of Transportation*, 128 N.C. App. 402, 405-06, 496 S.E.2d 790, 793 (1998)), *cert. denied*, 355 N.C. 285, 560 S.E.2d 800 (2002). "Negligence and contributory negligence are mixed questions of law and fact and, upon appeal, the reviewing court must determine whether facts found by the Commission support its conclusion of . . . negligence." *Barney v. Highway Comm.*, 282 N.C. 278, 284, 192 S.E.2d 273, 277 (1972).

The Commission's findings of fact are as follows:

1. On February 23, 1995 at approximately 6:50 p.m., plaintiff was traveling in his 1980 Ford automobile north on Rural Paved Road 1131 in Wilson County, North Carolina near Sims, North Carolina.

2. At the same time and place, State Highway Patrolman Kevin Patrick Woods was traveling south on Rural Paved Road 1131 pursuing another vehicle.

3. As Trooper Woods approached a curve on Rural Paved Road 1131, Trooper Woods met Mr. Bray's vehicle traveling in the opposite direction.

4. The speed limit on Rural Paved Road 1131 at the location of the accident was fifty-five (55) miles per hour. Trooper Woods' vehicle was traveling at approximately sixty-five (65) miles per hour when it collided with Mr. Bray's vehicle. Trooper Woods' vehicle had entered the curve at a higher speed. Trooper Woods' vehicle left tire impressions of 236 feet before striking Mr. Bray's vehicle and traveled an additional 254 feet after striking Mr. Bray's vehicle.

5. Rural Paved Road 1131 is a two-lane road and there were no unusual circumstances related to the weather or otherwise on February 23, 1995.

6. Trooper M.R. Johnson investigated the accident and indicated Trooper Woods was exceeding a safe speed and driving his vehicle left of the center lane.

7. Trooper Woods was not grossly negligent in carrying out his duties as Highway Patrolman in pursuit of another vehicle. The evidence does not support that Trooper Woods recklessly disregarded the safety of others in carrying out responsibilities of his duties as a State Highway Patrolman. Trooper Woods had sounded his siren and turned on flashing lights as he was in pursuit of the other vehicle.

The Commission's relevant conclusion of law is that "State Trooper Kevin Patrick Woods was not grossly negligent nor did he show reckless disregard for the safety of others while in pursuit of another vehicle on Rural Paved Road 1131 on February 23, 1995 when he struck the vehicle operated by Jeffrey A. Bray."

In *Parish v. Hill*, 350 N.C. 231, 238, 513 S.E.2d 547, 551 (1999), our Supreme Court held that "in *any* civil action resulting from the vehicular pursuit of a law violator, the gross negligence standard applies in determining the officer's liability." Thus, the Commission properly determined that plaintiff's claim should be denied unless he established that Trooper Woods was grossly negligent.

Our Supreme Court has defined "gross negligence" as "wanton conduct done with conscious or reckless disregard for the rights and safety of others." *Bullins v. Schmidt*, 322 N.C. 580, 583, 369 S.E.2d 601, 603 (1988). An act "is wanton when it is done of wicked purpose, or when done needlessly, manifesting a reckless indifference to the rights of others." *Parish*, 350 N.C. at 239, 513 S.E.2d at 551-52 (internal quotation marks omitted).

The Court applied the gross negligence standard in *Young v. Woodall*, 343 N.C. 459, 471 S.E.2d 357 (1996), upon which the Commission relied in its decision and order. In *Young*, a police officer for the City of Winston-Salem saw a Chevrolet Camaro with only one headlight on and began to follow the vehicle. The officer did not immediately activate his blue light or siren because he was concerned the driver would attempt to elude him. He intended to activate his light and siren once he was closer. The officer entered an intersection with a flashing light at a high rate of speed and collided with the plaintiff, who was making a left turn at the intersection. *Id.* at 460, 471 S.E.2d at 358. The Court held that the trial court should have granted summary judgment for the police officer, because the officer's "following the Camaro without activating the blue light or siren, his entering the intersection while the caution light was flashing, and his exceeding the speed limit were acts of discretion on his part which may have been negligent but were not grossly negligent." *Id.* at 463, 471 S.E.2d at 360.

Plaintiff's attempt to distinguish *Young* is unavailing. Plaintiff argues that in this case, unlike *Young*, Trooper Woods crossed the center line in addition to exceeding a safe speed. Also, Trooper Woods was traveling at a speed of at least eighty miles per hour, at dusk, on a curving, rural road. Finally, Trooper Woods lost control of his car resulting in the collision with plaintiff. Plaintiff contends that the actions of Trooper Woods in this case were "more severe and serious" than those of the officer in *Young*. None of these distinctions, however, would justify this Court in reversing the Commission's conclusion that Trooper Woods did not engage in "wanton conduct done with conscious or reckless disregard for the rights and safety of others." *Bullins*, 322 N.C. at 583, 369 S.E.2d at 603.

Plaintiff argues that the public policy rationale articulated in *Parish* in support of the gross negligence standard does not apply here because Trooper Woods was not in pursuit. The Court observed in *Parish* that "[p]olitical society must consider . . . the fact that if

police are forbidden to pursue, then many more suspects will flee—and successful flights not only reduce the number of crimes solved but also create their own risks for passengers and bystanders." *Parish*, 350 N.C. at 245, 513 S.E.2d at 555 (internal quotation marks omitted). Plaintiff contends that Trooper Woods, driving the secondary chase vehicle, was not pursuing or trying to overtake the Camaro.

Plaintiff observes that Trooper Woods had been driving a vehicle with a strobe light instead of a blue system on top, and highway patrol regulations do not allow such a vehicle to be the lead chase vehicle. As the officer in the secondary vehicle, Trooper Woods' duties were to handle radio communications and provide back-up to Trooper Cox. We disagree with plaintiff's characterization that, in the secondary position, Trooper Woods was not pursuing the Camaro. To perform his duties, Trooper Woods needed to stay close to Trooper Cox, who was pursuing the Camaro. Moreover, Trooper Woods testified that should he be the only vehicle in pursuit of the violator, policy would allow him to be the primary chase vehicle. Therefore, we believe the evidence supports the Commission's findings, which support its conclusion that Trooper Woods was also pursuing the Camaro.

Finally, plaintiff asks this Court to reject the gross negligence standard in favor of an ordinary negligence standard. However, we are bound by Supreme Court precedent stating unequivocally that the standard is gross negligence for an officer in pursuit. *See Parish*, 350 N.C. at 238, 513 S.E.2d at 551; *Kinlaw v. Long Mfg.*, 40 N.C. App. 641, 643, 253 S.E.2d 629, 630 ("[I]t is not our prerogative to overrule or ignore clearly written decisions of our Supreme Court."), *rev'd on other grounds*, 298 N.C. 494, 259 S.E.2d 552 (1979).

The Commission's finding of fact and conclusion of law that Trooper Woods was not grossly negligent is supported by the evidence and consistent with the law. Therefore, the Commission did not err in denying plaintiff's claim. Accordingly, we affirm the Commission's decision and order.

Affirmed.

Chief Judge EAGLES and Judge BRYANT concur.