DAVID MITCHELL FOWLER, Co-Personal Representative of the Estates of RICHARD C. CRUTCHFIELD, deceased, WENDIE CRUTCHFIELD, deceased, and SALLIE CRUTCHFIELD, deceased, Plaintiffs v. NORTH CAROLINA DEPARTMENT OF CRIME CONTROL & PUBLIC SAFETY, Defendant

No. 8810IC320

(Filed 7 February 1989)

1. **Highways and Cartways § 3; Sheriffs and Constables § 4; Appeal and Error § 67— protection for officers chasing violator—retroactive application of Supreme Court decision**

   The purpose of *Bullins v. Schmidt*, 322 N.C. 580, to protect law enforcement officers engaged in pursuing and attempting to apprehend violators of the law, would best be served by a retroactive application of the decision.

2. **Highways and Cartways § 3; Negligence § 7; Sheriffs and Constables § 4— officer chasing violator—fatal accident—no gross negligence**

   There was no gross negligence, that is, wanton conduct done with conscious or reckless disregard for the rights and safety of others, on the part of a state trooper who followed a speeding vehicle for at least eight miles around midnight on a rural two-lane highway in a sparsely populated area at speeds of approximately 115 m.p.h. without activating either his siren or flashing blue light.

APPEAL by plaintiff from the North Carolina Industrial Commission. Opinion filed 22 January 1988 by the Full Commission. Heard in the Court of Appeals 9 January 1989.

Deputy Commissioner Rush found that Trooper L. W. Bjorklund, a Master Trooper with the State Highway Patrol, saw a vehicle travelling in an easterly direction at approximately eighty miles per hour on a section of Highway 24 and 27 near the Montgomery and Stanly County line. Trooper Bjorklund turned his marked patrol car around and attempted to overtake the speeding vehicle. The time was shortly before midnight on 4 August 1984 and weather conditions were clear.

The trooper followed an eastbound vehicle, the speed of which he eventually measured at approximately 115 miles per hour, until he closed the distance between them from approximately one-half to one-quarter of a mile. He was not in pursuit at this time, but was merely attempting to determine whether this was the same vehicle he had seen earlier. He continued attempting to overtake the vehicle without activating his siren or

flashing blue light. The trooper eventually requested by radio that a roadblock be set up outside the town limit of Troy. When he determined this to be the same vehicle he had seen earlier at the county line, he turned on the siren and blue light and began actual pursuit. Seconds later he saw a dull orange flash on the horizon and found that the pursued vehicle, a 1967 Chevrolet, had crossed the center line and collided with a vehicle travelling in a westerly direction. The driver of the pursued vehicle, David Furr, and all three occupants of the second vehicle, Richard, Wendie, and Sallie Crutchfield, died from the impact of the collision.

Bjorklund testified that he activated his speed detection unit shortly after he first saw the vehicle's taillights after turning around to follow it. He switched the unit off after following the vehicle approximately eight miles. He continued in an attempt to overtake until he closed the distance to within one-quarter of a mile, and then he activated the blue light. Three or four seconds later he saw the flash on the horizon.

On 5 August 1986, the co-personal representative of the estates of Richard, Wendie, and Sallie Crutchfield filed a tort claim against the North Carolina Highway Patrol (a division of the North Carolina Department of Crime Control and Public Safety) seeking damages for Trooper Bjorklund's alleged negligence. The deputy commissioner of the North Carolina Industrial Commission concluded that Bjorklund was not negligent and denied plaintiff's claims. The Full Commission affirmed the deputy commissioner's decision. Plaintiff appeals from the Full Commission.

*Pollock, Fullenwider, Cunningham & Patterson, P.A., by Bruce T. Cunningham, Jr., for plaintiff-appellant.*

*Attorney General Lacy H. Thornburg, by Associate Attorneys General Meg Scott Phipps and Patricia F. Padgett, for defendant-appellee.*

WELLS, Judge.

[1]  At the outset we consider whether our Supreme Court's decision in *Bullins v. Schmidt*, 322 N.C. 580, 369 S.E. 2d 601 (1988), which was filed 30 June 1988, applies to our decision in this case. In *Bullins* officers from the Greensboro Police Department pursued a speeding vehicle for about eighteen miles, travelling at

speeds up to 100 miles per hour. The driver of the pursued vehicle attempted to pass a vehicle in a no-passing zone, collided with the Bullins automobile, and killed both drivers. In response to the plaintiff's negligence action the North Carolina Supreme Court held that when a law enforcement officer's vehicle does not collide with another person, vehicle, or object, the officer will not be held liable for negligence unless his or her conduct constituted gross or wanton negligence. The Court held that plaintiffs failed to establish a *prima facie* case of gross or wanton negligence and remanded for the entry of an order directing a verdict for the defendants.

There is a presumption in North Carolina favoring retroactive application of a decision rendered by our Supreme Court that changes the existing law. The intervening decision will be applied unless compelling reasons exist for limiting its retroactive effect. *Cox v. Haworth*, 304 N.C. 571, 284 S.E. 2d 322 (1981). In balancing the countervailing interests this Court must consider whether the plaintiff was unfairly prejudiced by his reliance on prior law, whether the purposes of the intervening decision could be achieved solely by prospective application, and the impact of retroactive application on the administration of justice. *Id.*

Plaintiff contends that he relied on prior law and did not address the standard of care in his claims. We note, however, that the deputy commissioner found the evidence presented insufficient to establish even simple negligence. Because the facts did not support a finding of negligence under the lower standard of care in effect when he filed his claims, we do not believe that plaintiff would be unfairly prejudiced by retroactive application of *Bullins, supra.*

*Bullins'* purpose of protecting law enforcement officers engaged in "pursu[ing] and attempt[ing] to apprehend violators of the law," furthermore, would best be served by a retroactive application. Prospective application would thwart the public policy of protecting law enforcement officers attempting to apprehend motorists exceeding a safe speed limit.

We do not believe, moreover, that a retroactive application of *Bullins* would significantly impair the administration of justice. We hold, consequently, that the heightened standard of care announced in *Bullins, supra*, applies to our disposition of this case.

[2]   Pursuant to that standard, a law enforcement officer will be held liable for damages proximately resulting from his or her gross negligence in deciding or continuing to pursue a violator of the law. *Id.; see also* N.C. Gen. Stat. § 20-145 (Cum. Supp. 1988). The *Bullins* Court defined gross negligence as "wanton conduct done with conscious or reckless disregard for the rights and safety of others." A wanton act is one "done of wicked purpose [sic] or when done needlessly, manifesting a reckless indifference to the rights of others." *Siders v. Gibbs*, 39 N.C. App. 183, 249 S.E. 2d 858 (1978) *(quoting Wagoner v. North Carolina Railroad Company*, 238 N.C. 162, 77 S.E. 2d 701 (1953)).

Trooper Bjorklund followed a speeding vehicle for at least eight miles on a rural two-lane highway, at speeds of approximately 115 miles per hour, without activating either his siren or flashing blue light. Although we believe these facts to be more egregious than those of *Bullins, supra*, we cannot say that they constitute gross negligence. The incident occurred around midnight in a sparsely populated area. Bjorklund testified that he encountered no vehicles travelling in the opposite, or westerly, direction, and saw only one vehicle other than the 1967 Chevrolet, which turned off of the highway shortly before he activated his siren and light.

These circumstances do not exemplify the degree of conscious or reckless indifference toward the safety of others necessary to establish gross negligence. The evidence supports the Commission's opinion that there was no negligence on the part of defendant's employee, and we affirm that decision. We have considered plaintiff's other arguments and find them to be without merit.

Affirmed.

Judges BECTON and JOHNSON concur.