BARBARA NORRIS, ADMINISTRATRIX OF THE ESTATE OF JASPER NORRIS, III, PLAINTIFF v. JOSEPH PAUL ZAMBITO, M.L. HAYES, IN HIS INDIVIDUAL CAPACITY AND AS A POLICE OFFICER FOR THE CITY OF DURHAM; V.P. BYNUM, IN HIS INDIVIDUAL CAPACITY AND AS A POLICE OFFICER FOR THE CITY OF DURHAM, AND THE CITY OF DURHAM, DEFENDANTS

No. COA98-1488

(Filed 19 October 1999)

**1. Evidence— wrongful death—police chase—expert testimony partially excluded—may not testify whether certain legal standard met**

In a wrongful death case of a bystander motorist killed in a collision at an intersection with another motorist involved in a police chase who was suspected of driving while impaired and driving with a suspended license, the trial court did not err in excluding portions of an expert witness's affidavit opining that defendant-officers' conduct in pursuing the suspect was conducted in a grossly negligent manner, showed a reckless disregard for the safety of others, and was a violation of the City's pursuit policy because N.C.G.S. § 8C-1, Rule 704 does ·not al-

NORRIS v. ZAMBITO

[135 N.C. App. 288 (1999)]

low an expert to testify whether a certain legal standard has been met.

**2. Police Officers— police chase—motor vehicle collision—no gross negligence—summary judgment proper**

The trial court did not err in granting summary judgment in favor of defendant police officers and the City in a wrongful death case of a bystander motorist killed in a collision at an intersection with another motorist involved in a police chase because N.C.G.S. § 20-145 exempts police officers from speed laws when engaged in the pursuit of a law violator and plaintiff did not demonstrate a genuine issue of material fact as to gross negligence since: (1) the officers had good reason to remove the motorist involved in the chase due to the immediate and significant potential danger to the public posed by his driving while impaired; (2) the apparent probability of injury to the public at the time the officer initiated pursuit was not great since the road was clear and dry, the pursuit occurred in the early morning hours, traffic in the area was very short, and the length and duration of the pursuit were both short; and (3) even if plaintiff showed the officers had violated the City's pursuit policy, such evidence would not show gross negligence.

**3. Police Officers— police chase—motor vehicle collision— summary judgment proper—no gross negligence—prior knowledge suspect may flee—state of mind irrelevant**

Even in light of the suspect's earlier threat to flee from the police, the trial court did not err in granting summary judgment in favor of defendant police officers and the City in a wrongful death case of a bystander motorist killed in a collision at an intersection with another motorist involved in a police chase since: (1) the officers were not required to guess the law violating motorist's state of mind in order to determine whether to pursue him; and (2) officers will not be held grossly negligent for attempting to apprehend a suspect merely because he indicates that he does not wish to be apprehended.

Appeal by plaintiff from judgment entered on 17 August 1998 by Judge E. Lynn Johnson in Durham County Superior Court. Heard in the Court of Appeals 14 September 1999.

*Thomas, Ferguson & Charns, L.L.P., by Jay H. Ferguson, for plaintiff-appellant.*

*Faison & Gillespie, by Reginald B. Gillespie, Jr., and Keith D. Burns, for defendant-appellees.*

MARTIN, Judge.

Plaintiff filed this action seeking compensatory and punitive damages for the wrongful death of Jasper Norris, III, allegedly caused by negligence on the part of defendants. Defendants Hayes and Bynum, who were police officers employed by the City of Durham (defendant City), and defendant City filed answers denying negligence and asserting the affirmative defense of sovereign immunity. After discovery, defendants Hayes, Bynum and City moved for summary judgment.

The materials before the trial court upon hearing the motion for summary judgment tended to show that at approximately 1:00 a.m. on 20 October 1993, Corporal M.L. Hayes of the Durham Police Department was on routine patrol when he spotted Joseph Paul Zambito driving a red and white pickup truck on Academy Road in Durham. Corporal Hayes recalled that he had arrested Zambito a few months earlier for driving while impaired and radioed to Officer V.P. Bynum, who was also patrolling in the area, that he had spotted Zambito. The officers discussed the fact that Zambito's driver's license had likely been suspended, and Officer Bynum informed Corporal Hayes that he had seen Zambito earlier in the evening and suspected that Zambito was driving while impaired.

Officer Bynum spotted Zambito shortly thereafter and began to follow him on Cornwallis Road. Zambito increased his speed over the posted 35 mile per hour limit and Officer Bynum responded by increasing his speed and turning on his emergency lights. A few hundred feet later, Zambito made a sharp right turn onto University Drive, accelerated rapidly, and proceeded on University Drive toward Hope Valley Road. Officer Bynum continued in pursuit. Zambito entered the intersection of University Drive and Hope Valley Road against a red traffic light at a speed of approximately 70 miles per hour and collided with a car driven by plaintiff's decedent, Jasper Norris, III, who died as a result of the collision. Officer Bynum was approximately 150 yards behind Zambito at the time of the collision. Corporal Hayes did not witness the collision, but arrived shortly thereafter. Zambito's blood-alcohol level was .013.

The pursuit lasted no longer than one minute and was less than one mile in length. The speed limit on the roads over which the pursuit occurred was 35 miles per hour, and the officers testified that the roads were in good condition and free of other motorists. The officers also testified that their speed never exceeded 65 miles per hour, and that they were always in control of their cars.

Three days before the incident in question, Zambito had been arrested by another Durham police officer for driving while impaired and instigating a similar chase. During the booking process on that charge, Zambito told an officer that he would run from the police every time he was chased. There was no evidence that either Corporal Hayes or Officer Bynum was aware of Zambito's threat.

Plaintiff offered an affidavit of John Gormley, who was tendered as an expert in police pursuit tactics. The trial court sustained defendants' objections to those portions of Mr. Gormley's affidavit in which he stated his opinion that the officers' pursuit of Zambito was "grossly negligent" and "showed a reckless disregard for the safety of others", and that the chase was a violation of defendant City's pursuit policy, on grounds that Mr. Gormley's opinions expressed legal conclusions.

The trial court determined that no genuine issue of material fact existed as to whether the officers' conduct amounted to gross negligence or a reckless disregard for the rights and safety of others, or that they had an intent to harm plaintiff's decedent. Accordingly, the trial court granted summary judgment in favor of defendants Hayes, Bynum, and City and dismissed plaintiff's claims against them. Plaintiff appeals.

_____

I.

[1] Plaintiff assigns error to the trial court's exclusion of those portions of Mr. Gormley's affidavit in which he opined that the officers' conduct in pursuing Zambito "was conducted in a grossly negligent manner and showed a reckless disregard for the safety of others" and "was a violation of the City of Durham's pursuit policy." We reject plaintiff's argument.

G.S. § 8C-1, Rule 704 provides "[t]estimony in the form of an opinion or inference is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." The rule, however, does not authorize the admission into evidence of all expert opinion testi-

mony. As a general rule, an expert may not testify as to whether a certain legal standard has been met. *Pelzer v. United Parcel Service, Inc.*, 126 N.C. App. 305, 484 S.E.2d 849, *disc. review denied*, 346 N.C. 549, 488 S.E.2d 808 (1997).

> The rule that an expert may not testify that such a particular legal conclusion or standard has or has not been met remains unchanged by the new Evidence Code, at least where the standard is a legal term of art which carries a specific legal meaning not readily apparent to the witness.

*State v. Smith*, 315 N.C. 76, 100, 337 S.E.2d 833, 849 (1985). Opinion testimony may be received regarding the underlying factual premise, which the fact finder must consider in determining the legal conclusion to be drawn therefrom, but may not be offered as to whether the legal conclusion *should* be drawn. *Hajmm Co. v. House of Raeford Farms, Inc.*, 328 N.C. 578, 403 S.E.2d 483 (1991).

> From the Rules of Evidence, the advisory committee's notes, case law, and commentaries, we discern two overriding reasons for excluding testimony which suggests whether legal conclusions should be drawn or whether legal standards are satisfied. The first is that such testimony invades not the province of the jury but "the province of the court to determine the applicable law and to instruct the jury as that law." (citation omitted.) It is for the court to explain to the jury the given legal standard or conclusion at issue and how it should be determined. To permit the expert to make this determination usurps the function of the judge. The second reason is that an expert is in no better position to conclude whether a legal standard has been satisfied or a legal conclusion should be drawn than is a jury which has been properly instructed on the standard or conclusion.

*Id.* at 587, 403 S.E.2d at 489.

Whether the officers' conduct in pursuing Zambito was "grossly negligent" or "showed reckless disregard for the safety of others" are legal conclusions to be drawn from the evidence; Mr. Gormley's opinion testimony drawing such conclusions was, therefore, properly excluded. *See Murrow v. Daniels*, 85 N.C. App. 401, 355 S.E.2d 204 (1987), *rev'd on other grounds*, 321 N.C. 494, 364 S.E.2d 392 (1988). Likewise, the City's pursuit policy establishes a legal standard and, while Mr. Gormley would certainly be permitted to testify as to the requirements of the City's pursuit policy, the trial court properly

declined to consider his testimony as to whether the officers' conduct violated that standard. This assignment of error is overruled.

## II.

[2] Plaintiff's primary contention on appeal is that the trial court erred in granting the motions of defendants Hayes, Bynum and City for summary judgment and dismissing her claims against those defendants. Plaintiff argues that genuine issues of material fact exist as to whether the officers, in pursuing Zambito, acted with reckless disregard for the rights and safety of others so as to be grossly negligent.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (1990). The burden of establishing the absence of any genuine issue of material fact is on the moving party, and the evidence presented should be viewed in the light most favorable to the nonmoving party. *Holley v. Burroughs Wellcome Co.*, 318 N.C. 352, 348 S.E.2d 772 (1986). The moving party may meet this burden by showing that an essential element of the opposing party's claim is nonexistent, or that the opposing party cannot produce evidence to support an essential element of the claim. *Pine Knoll Association, Inc. v. Cardon*, 126 N.C. App. 155, 484 S.E.2d 446, *disc. review denied*, 347 N.C. 138, 492 S.E.2d 26 (1997). Although issues of negligence are generally not appropriately decided by way of summary judgment, if there are no genuine issues of material fact, and an essential element of a negligence claim cannot be established, summary judgment is proper. *Lavelle v. Schultz*, 120 N.C. App. 857, 463 S.E.2d 567 (1995), *disc. review denied*, 342 N.C. 656, 467 S.E.2d 715 (1996).

G.S. § 20-145 exempts police officers from speed laws when engaged in the pursuit of a law violator. The exemption, however, does not apply to protect the officer from "the consequence of a reckless disregard of the safety of others." Our Supreme Court has construed the statute as establishing a general standard of care, as opposed to a simple exemption from speed laws, and has held that an officer's liability in a civil action for injuries resulting from the officer's vehicular pursuit of a law violator is to be determined pursuant to a gross negligence standard of care. *Parish v. Hill*, 350 N.C. 231, 513 S.E.2d 547, *reh'g denied*, 350 N.C. 600, —— S.E.2d —— (1999);

*Young v. Woodall,* 343 N.C. 459, 471 S.E.2d 357 (1996). Gross negligence has been defined as "wanton conduct done with conscious or reckless disregard for the rights and safety of others." *Bullins v. Schmidt,* 322 N.C. 580, 583, 369 S.E.2d 601, 603 (1988).

Courts have discussed several factors as relevant to the issue of whether the conduct of a law enforcement officer engaged in pursuit of a fleeing suspect meets the grossly negligent standard. First, the reason for the pursuit is to be considered. If the officer was attempting to apprehend someone suspected of violating the law, the police officer would fall squarely within the standard of care established by the Supreme Court's construction of G.S. § 20-145. *Clark v. Burke County,* 117 N.C. App. 85, 87, 450 S.E.2d 747, 748 (1994) (officer trying to apprehend man suspected of discharging firearm in a public place); *Bullins* at 584, 369 S.E.2d at 604 (officer attempting to apprehend a driver acting "as if he was under the influence of alcohol"); *Fowler v. NC Dept. of Crime Control & Public Safety,* 92 N.C. App. 733, 733, 376 S.E.2d 11, 12, *disc. review denied,* 324 N.C. 577, 381 S.E.2d 773 (1989) (officer trying to arrest driver traveling at 115 m.p.h. along rural highway). It is also relevant to consider whether the suspect was known to police and could be arrested through means other than apprehension via a high speed chase; *Bullins* at 584, 369 S.E.2d at 604 (suspect was unknown to police and no other means existed for apprehension); or whether the fleeing suspect presented a danger to the public that could only be abated by immediate pursuit. *Clark* at 87, 450 S.E.2d at 748; *Bullins* at 584, 369 S.E.2d at 604.

Also relevant to a determination of whether the officer's conduct was grossly negligent is the probability of injury to the public by the officer's decision to pursue and continue to pursue the suspect. Relevant considerations include the time of day or night when the pursuit occurred, *Bullins* at 584, 369 S.E.2d at 604; *Fowler* at 736, 376 S.E.2d at 13; the location of the pursuit (a highway, residential neighborhood, rural area, or within the city limits), *Bullins* at 584, 369 S.E.2d at 604; *Fowler* at 736, 376 S.E.2d at 13; *Clark* at 90, 450 S.E.2d at 749; population of the area, *Fowler* at 736, 376 S.E.2d at 13; type of terrain (hilly or curvy roads), *Clark* at 90, 450 S.E.2d at 749; traffic conditions, *Bullins* at 584, 369 S.E.2d at 604; presence of other vehicles on the road, *Bullins* at 584, 369 S.E.2d at 604; posted speed limits, *Clark* at 90, 450 S.E.2d at 749; road conditions, *Bullins* at 584, 369 S.E.2d at 604; weather conditions, *Clark* at 90, 450 S.E.2d at 749; *Fowler* at 733, 376 S.E.2d at 12; duration of pursuit, *Clark* at 90, 450

S.E.2d at 749; *Fowler* at 736, 376 S.E.2d at 13; and length of pursuit, *Clark* at 90, 450 S.E.2d at 749; *Fowler* at 736, 376 S.E.2d at 13.

In addition, evidence with respect to the law enforcement officer's conduct in pursuing the fleeing driver is relevant to the issue of gross negligence. Courts have discussed whether the officer used emergency lights, sirens and headlights, *Fowler* at 736, 376 S.E.2d at 13; *Young* at 460, 471 S.E.2d at 358; collided with any person, vehicle or object, *Bullins* at 585, 369 S.E.2d at 604; kept his or her vehicle under control, *Bullins* at 585, 369 S.E.2d at 604; followed relevant departmental policies regarding chases, *Young* at 460, 471 S.E.2d at 358; violated generally accepted standards for police pursuits, *Clark* at 91, 450 S.E.2d at 750; and what the officer's speed was during the pursuit, *Fowler* at 736, 376 S.E.2d at 13.

Applying those factors to the evidence before the trial court at the summary judgment hearing in the present case, we conclude that plaintiff did not demonstrate the existence of a genuine issue of material fact as to gross negligence on the part of the officers, so as to survive defendants' summary judgment motion. The officers were attempting to apprehend a driver they suspected to be driving while intoxicated. Even though they knew Zambito and could possibly have apprehended him at his home at a later time, they had good reason to attempt to remove him from the road due to the immediate and significant potential danger to the public posed by his driving while impaired. Moreover, the apparent probability of injury to the public at the time Officer Bynum initiated the pursuit was not great; the road was clear and dry, the pursuit occurred in the early morning hours, traffic in the area was very light, and the length and duration of the pursuit were both short. Finally, even assuming that plaintiff had showed that the officers, in pursuing Zambito, had violated defendant City's pursuit policy, such evidence would not show gross negligence. A violation of voluntarily adopted safety policies is merely some evidence of negligence and does not conclusively establish negligence. *Peal by Peal v. Smith*, 115 N.C. App. 225, 444 S.E.2d 673 (1994), *affirmed*, 340 N.C. 352, 457 S.E.2d 599 (1995); *Robinson v. Seaboard System R.R., Inc.*, 87 N.C. App. 512, 361 S.E.2d 909 (1987), *disc. review denied*, 321 N.C. 474, 364 S.E.2d 924 (1988); *Briggs v. Morgan*, 70 N.C. App. 57, 318 S.E.2d 878 (1984).

[3] Plaintiff argues, however, that the officers' pursuit of Zambito in the face of his earlier threat to run from police amounted to a reckless indifference to the rights and safety of others. We disagree. The

officers were not required to guess Zambito's state of mind in order to determine whether or not to pursue him; our Supreme Court held that a suspect's intent or state of mind is irrelevant. *Parish*, 350 N.C. 231, 513 S.E.2d 547. Assuming the officers were aware of Mr. Zambito's threats to flee, which the record does not support, police officers will not be held grossly negligent for attempting to apprehend a suspect merely because he indicates that he does not wish to be apprehended.

Because plaintiff has not forecast sufficient evidence to show a genuine issue of material fact as to gross negligence on the part of Officer Bynum and Corporal Hayes, an essential element of her claim is nonexistent and defendants are entitled to judgment as a matter of law. Summary judgment dismissing plaintiff's claim against defendants Bynum, Hayes, and City is affirmed.

Affirmed.

Chief Judge EAGLES and Judge LEWIS concur.