BRYANT, Judge.
Bernard Marvin LaValley (plaintiff-husband) appeals an order filed 13 November 2003, granting summary judgment in favor of Waynie Felarca LaValley (defendant-wife); an order filed 13 November 2003, awarding defendant attorney's fees; an order filed 5 February 2003, denying plaintiff's Rule 60 motion; and an order filed 6 May 2002, granting defendant's Rule 12(f) motion to strike several portions of the complaint.
The parties were married on 7 June 1987, and one child, Jesselyn LaValley, was born to the union on 28 April 1988. The parties separated on 25 January 1997, and entered into a separation agreement and property settlement on 26 February 1998. The partieswere divorced on 26 May 1998.
On 23 July 2001, plaintiff, representing himself pro se, filed a complaint requesting relief from defendant including the dissolution of a writ of possession to the marital home (which writ defendant had been granted pursuant to the separation agreement in lieu of child support), breach of the separation agreement, contempt, attorney's fees and costs, damages, payment for electrical bills and "for such other and further relief as the court may deem just and proper." Plaintiff thereafter filed a motion for partial summary judgment and defendant filed a motion to dismiss, which came for hearing on 4 December 2001, and were both subsequently denied.
On 11 March 2002, defendant filed a Rule 12(f) motion to strike several paragraphs of the complaint, a Rule 12(e) motion for a more definite statement, an answer to the complaint, and counterclaims. On 21 March 2002, plaintiff filed a motion to strike the responsive pleadings and asserted the affirmative defense of estoppel. These matters came for hearing on 16 April 2002, and by order filed 6 May 2002, the trial court denied plaintiff's motion to strike and defendant's motion for a more definite statement. However, the trial court granted defendant's motion to strike several paragraphs of the complaint, including paragraphs 7, 8, 9, 12, 20, 21, 22, 23, 24, 27, 28, 29, and 30.
On 3 June 2002, plaintiff filed a Rule 60 motion requesting that the 6 May 2002 order striking paragraphs from his complaint be set aside, and on 7 June 2003, defendant filed a Rule 56 motion forsummary judgment and a Rule 11 motion for sanctions. By order filed 21 January 2003, the trial court denied plaintiff's Rule 60 motion. By orders filed 30 June 2003, the trial court granted defendant's Rule 56 motion for summary judgment and defendant's Rule 11 motion for sanctions, ordering plaintiff to pay $1500.00 in attorney's fees.
Plaintiff gave notice of appeal on 11 December 2003.
The issues on appeal are whether the trial court erred by granting: (I) defendant's motion to strike several paragraphs of the complaint; (II) summary judgment in favor of defendant; and (III) defendant's motion for Rule 11 sanctions.
I
First, plaintiff argues that the trial court erred in striking paragraphs 7, 9, 12, 22, 27, and 28 of the complaint.
Pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(f):
Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 30 days after the service of the pleading upon him or upon the judge's own initiative at any time, the judge may order stricken from any pleading any insufficient defense or any redundant, irrelevant, immaterial, impertinent, or scandalous matter.
N.C.G.S. § 1A-1, Rule 12(f) (2003).
The purpose underpinning Rule 12(f) is to avoid expenditure of time and resources before trial by removing feigned issues, introduced in the complaint, from consideration. See Estrada v. Jaques, 70 N.C. App. 627, 642, 321 S.E.2d 240, 250 (1984). Unlessit has no possible bearing upon the litigation, matters should not be stricken. Shellhorn v. Brad Ragan, Inc., 38 N.C. App. 310, 316, 248 S.E.2d 103, 108 (1978). If any question exists as to whether an issue may arise, the motion should be denied. Id.
Paragraphs 7, 9, 12, 22, 27, and 28 of the complaint read as follows:
7. Some time after the parties entered into their agreement, the Defendant secretly moved from the marital home in Newport, N.C. to the Defendant's parents' home in Havelock. When the Defendant moved, the minor child had lived in the marital home for more than five years. Moreover, the home was roomy and in good condition. The Defendant's parents' home is much smaller and houses anywhere from four to six people. The move itself was in disregard of the best interests of the minor child. Additionally, the Defendant blatantly breached the agreement by failing to inform the Plaintiff of her move and by failing to provide the Plaintiff with her new phone number. In fact, the Defendant intentionally concealed her move from the Plaintiff. About two or three months after she moved, the Plaintiff finally found out from his daughter that the Defendant had moved and where she had moved.
. . .
9. After the parties separated, the Defendant hid the minor child's military medical records and foreign born birth certificate. If the medical records are lost, they cannot be replaced, as they were not computerized. The child's immunization record is also in the medical records. The birth certificate would be difficult and expensive to replace, as the minor child was born at a military hospital in Okinawa, Japan. The Plaintiff needs copies of these records, as he is actively involved with the minor child's health care and participation in extracurricular activities and is often the parent which is asked to produce the minor child's records. For three years, the Plaintiff has attempted unsuccessfully to obtain copies of these records from the Defendant. The Defendant has failed and refused to produce the aforementioned records in violation of the parties' agreement and in willful and deliberate disregard of the parties' custody orders. The Defendant is able to comply with the terms of the parties' agreement and custody orders, and her failure to do so is willful and withoutlegal justification or excuse. Attached hereto as Exhibit B and C and incorporated by reference are copies of correspondence showing the Plaintiff's latest attempts to obtain copies of the aforementioned records.
. . .
12. In paragraph 9 of the parties' agreement, the parties agreed that the Plaintiff would pay to the Defendant the sum of $3000 at the signing of the agreement. At the termination of the Defendant's writ of possession of the marital home, the Plaintiff was/is to pay to the Defendant the sum of $10,000. However, the payment of the $10,000 is conditioned upon the home being surrendered by the Defendant in a good and clean condition.
. . .
22. Under oath (Exhibit D), the Defendant has made it clear that she is wasting her writ of possession, because she does not like the child support and property settlement agreed to in the parties' agreement. Although she does not give consistent or rational reasons for her demands, the Defendant claims that she would be satisfied with a payment of $50,000 from the Plaintiff. It is impossible to tell if this payment would be for property or for child support. Certainly, there is no legal or mathematical justification for a payment of $50,000. In the parties' property settlement, the marital property was divided equally. The equity in real estate owned by the Plaintiff is his separate property. Additionally, the guideline amount of child support at the time of the signing of the agreement was only $385/mo. and is currently no more than $450/mo. Quite simply, the Defendant has decided that she wants a substantial sum of money and that she wants the Plaintiff to give it to her.
. . .
27. In fact, in the parties' hearing in October of 2000 regarding child support and custody, the Defendant was found to have wasted her writ of possession, and refused gifts of free money from the Plaintiff for the benefit of the child - without good reason (Exhibit D): both of which are in breach of the parties' agreement. The Defendant should be ordered to pay any and all costs incurred by the Plaintiff in connection with this action.
28. Uncontested testimony under oath during the 21 July, 1999 and October 2000 trials have revealed that the Defendant had intentionally instructed the parties' minorchild to lie to the Plaintiff. The adverse impact of this constant pressure placed upon the minor child by the Defendant to lie to Plaintiff caused the minor 10 year old child severe psychological/emotional trauma and even one tantrum observed by an outsider. This outsider traced this tantrum back to this instruction given to the minor child from the Defendant to lie to the Plaintiff (See Exhibit D). The Plaintiff alleges that this intentionally planned behavior on the part of the Defendant is nothing short of child abuse. It is most assuredly in violation of the letter and the intent of the parties Separation Agreement.
Having reviewed the above paragraphs in context of the entire complaint and the record as a whole, we conclude these paragraphs contain material that is irrelevant, immaterial, impertinent, confusing, and/or incomprehensible. The trial court properly granted the motion to strike. This assignment of error is overruled.
II
Second, plaintiff argues that the trial court erred in granting summary judgment in favor of defendant.
Pursuant to Rule 56(c) of the Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the party is entitled to a judgment as a matter of law." N.C.G.S. § 1A-1, Rule 56(c) (2003). The moving party has the burden of establishing the absence of any genuine issue of material fact, and the trial court should view the evidence in the light most favorable to the nonmoving party. Norris v. Zambito, 135 N.C. App. 288, 293, 520 S.E.2d 113, 116 (1999). Here, the record on appeal and plaintiff's numerous affidavits, which are attached as exhibits, fail to reveal a genuine issue of material fact exists. Specifically, the record is clear that defendant was granted an exclusive writ of possession to the former marital residence by way of the separation agreement. This writ of possession gave defendant the right to rent and occupy the property. Sometime after the separation, plaintiff changed the locks on the doors thereby denying defendant physical possession of the property. In addition, plaintiff had stored his personal belongings on the property and at the time of trial remained unwilling to allow defendant possession of the property.
Plaintiff has failed to present evidence of a genuine issue of material fact. Accordingly, this assignment of error is overruled.
III
Third, plaintiff argues that the trial court erred in granting defendant Rule 11 sanctions against plaintiff.
Sanctions may be imposed pursuant to Rule 11 for a violation of any one of three separate and distinct issues: (1) legal sufficiency, (2) factual sufficiency, or (3) improper purpose. See Bryson v. Sullivan, 330 N.C. 644, 655, 412 S.E.2d 327, 332 (1992). This Court reviews de novo the decision by the trial court to impose sanctions under Rule 11(a). See Turner v. Duke University, 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989). "The appellate court [must] determine [:] (1) whether the trial court's conclusions of law support its judgment or determination, (2) whether the trial court's conclusions of law are supported by itsfindings of fact, and (3) whether the findings of fact are supported by a sufficiency of the evidence." Id. A finding that all three factors have been satisfied exacts this Court to uphold the trial court's decision to impose Rule 11(a) sanctions. Id.
Here, the trial court found and the record has revealed: (1) much of plaintiff's complaint was inappropriate and was not supported by any extensive modification or reversal of existing law, but was made to harass defendant and cause unnecessary expense for her; (2) plaintiff filed a lengthy Rule 60 motion which failed to cite any authority or any reasonable basis for considering the motion; (3) plaintiff filed various pleadings with the court and wrote various letters to the court which were abusive, scandalous and had no basis in fact or law; (4) plaintiff used this lawsuit to attempt to gain leverage and influence the court with regard to a separate Chapter 50 lawsuit pending as to the parties; (5) plaintiff wrote a letter to all district court judges in Judicial District 3B; (6) plaintiff's letters, pleadings and arguments have not contributed to the resolution of the issues before the court and have caused defendant unnecessary expense, delay and anxiety; (7) counsel for defendant expended approximately 29 hours defending plaintiff's pleadings and motions; (8) counsel for defendant is a board certified specialist in domestic law and regularly received $200.00 per hour in fees; (9) counsel for defendant has been practicing domestic law in Judicial District 3B for more than 23 years and the value of his services rendered is no less than approximately $4,698.00. The trial court concluded plaintiff had the ability to pay a sum of $1500.00 in attorney's fees and defendant was entitled to receive this sum from plaintiff. We conclude such conclusions of law are supported by the facts of the case and therefore the trial court properly imposed sanctions.
When a Rule 11(a) sanction is properly imposed, the propriety of the particular sanction selected is reviewed by this Court under an abuse of discretion standard. Turner, 325 N.C. at 165, 381 S.E.2d at 714. Our Court has in previous cases noted that such a "standard is intended to give great leeway to the trial court and a clear abuse of discretion must be shown." Central Carolina Nissan, Inc. v. Sturgis, 98 N.C. App. 253, 264, 390 S.E.2d 730, 737 (1990).
Plaintiff has failed to show the trial court's decision to impose sanctions in the form of attorney's fees is tantamount to an abuse of discretion. This assignment of error is overruled.
Affirmed.
Judges McGEE and THORNBURG concur.
Report per Rule 30(e).
Judge Thornburg concurred in this opinion prior to 31 December 2004