**GREENE v. CITY OF GREENVILLE**

[225 N.C. App. 24 (2013)]

PATTY C. GREENE, ADMINISTRATRIX OF THE ESTATE OF
BILLY RAY GREENE, PLAINTIFF
v.
THE CITY OF GREENVILLE, NORTH CAROLINA,
A MUNICIPAL CORPORATION, DEFENDANT

No. COA12-908

Filed 15 January 2013

**1. Appeal and Error—interlocutory orders—governmental immunity**

Defendant city's interlocutory appeal from the trial court's interlocutory order denying its motion to dismiss was heard by the Court of Appeals because the order implicated a local government body's governmental immunity.

**2. Wrongful Death—police officer conduct—gross negligence**

The trial court erred in a wrongful death action by denying defendant city's motion for summary judgment. The police officer's conduct did not rise to the level of gross negligence per N.C.G.S. § 20-145.

Appeal by defendants from order entered 11 April 2012 by Judge J. Carlton Cole in Pitt County Superior Court. Heard in the Court of Appeals 27 November 2012.

*EDWARDS & EDWARDS, L.L.P., by Joseph T. Edwards and Sharron R. Edwards, for plaintiff.*

*TROUTMAN SANDERS, LLP, by Gary S. Parsons, Gavin B. Parsons, and D. Kyle Deak, and the City of Greenville, by Assistant City Attorney, William J. Little, III, for defendants.*

ELMORE, Judge.

On 9 April 2009, Patty C. Greene (plaintiff), executrix of the estate of Billy Rae Greene (the decedent), initiated this wrongful death action against the City of Greenville and the estate of Officer Campbell (defendants). On 21 September 2009, the trial court granted the Campbell Estate's motion to dismiss all claims against it in its individual capacity. Thereafter, defendants motioned for summary judgment, asserting that Officer Campbell's conduct did not rise to the level of gross negligence per N.C. Gen. Stat. § 20-145. On 11 April 2012, the trial court denied defendants' motion. They now appeal. After careful consideration, we reverse the trial court's decision.

GREENE v. CITY OF GREENVILLE

[225 N.C. App. 24 (2013)]

## I.  Background

On 14 April 2007, Officer Jason Campbell (Officer Campbell) and Officer Nathan LeCompte (Officer LeCompte) of the Greenville Police Department were assigned to bike patrol at the "Pirate Fest," a weekend festival attended by many East Carolina University students. The area was congested with vehicular and foot traffic. At approximately 1:00 p.m., Officer Campbell smelled a strong odor of marijuana being emitted from a passing Cadillac. The acting post supervisor, Sergeant Chris Ivey (Sergeant Ivey), also noted the odor and subsequently authorized Officers Campbell and LeCompte to take a police cruiser and pursue the vehicle.

Officer Campbell began the pursuit on First Street and then continued onto Green Street. As he followed the Cadillac, his right hand remained near the switches used to activate the cruiser's lights and siren; however, he did not activate either. Officer LeCompte testified that it is common for an officer to refrain from activating the lights and/or sirens during a police pursuit. This is done to help prevent suspects from discarding contraband or readying a weapon before an officer is prepared to make a stop.

Within a minute of the pursuit, Officer Campbell encountered a vehicle making an un-signaled right turn. To avoid a collision, he braked and steered to the left, ultimately losing control of the vehicle. The cruiser rotated clockwise and skidded across the centerline, colliding with the decedent's vehicle. Officer Campbell died in the accident. The posted speed limit on Green Street was 45 m.p.h. The State Highway Patrol Collision Reconstruction Unit concluded that the cruiser likely reached a maximum speed of 75 m.p.h. but was traveling at approximately 50 m.p.h. on impact. It is estimated that the decedent was traveling at approximately 40 m.p.h. on impact.

## II.  Analysis

### A.  Interlocutory Appeal

**[1]** Defendants acknowledge that this appeal is interlocutory. However, defendants assert that the order denying their motion for summary judgment affected a substantial right and is immediately appealable because it implicated a local government body's governmental immunity.

We have held that "immediate appeal of interlocutory orders and judgments is . . . available from an interlocutory order or judgment which affects a substantial right." *Sharpe v. Worland*, 351 N.C. 159, 161-62, 522 S.E.2d 577, 579 (1999) (quotation marks omitted). More-

over, we have previously held that a substantial right exists in a local government's assertion of sovereign immunity. *See, e.g., Hedrick v. Rains*, 121 N.C. App. 466, 468, 466 S.E.2d 281, 283 ("orders denying dispositive motions grounded on the defense of governmental immunity are immediately reviewable as affecting a substantial right"), *aff'd per curiam*, 344 N.C. 729, 477 S.E.2d 171 (1996). As such, this appeal is properly before us for review.

## B.  Motion for Summary Judgment

[2] Defendants argue that the trial court erred in denying their motion for summary judgment because Officer Campbell's conduct did not constitute gross negligence under N.C. Gen. Stat. § 20-145. We agree.

"Our standard of review of an appeal from summary judgment is *de novo*; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.' " *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (quoting *Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007)). "[A]ll inferences of fact . . . must be drawn against the movant and in favor of the party opposing the motion." *Caldwell v. Deese*, 288 N.C. 375, 378, 218 S.E.2d 379, 381 (1975). Our Supreme Court has "emphasized that summary judgment is a drastic measure, and it should be used with caution." *Williams v. Carolina Power & Light Co.*, 296 N.C. 400, 402, 250 S.E.2d 255, 257 (1979). "[I]ssues of negligence are generally not appropriately decided by way of summary judgment, [unless] there are no genuine issues of material fact, and an essential element of a negligence claim cannot be established[.]" *Norris v. Zambito*, 135 N.C. App. 288, 293, 520 S.E.2d 113, 116 (1999).

N.C. Gen. Stat. § 20-145 exempts police officers from speed laws when pursuing a law violator. However, the exemption "does not apply to protect the officer from the consequence of a reckless disregard of the safety of others." *Norris v. Zambito*, 135 N.C. App. 288, 293, 520 S.E.2d 113, 117 (1999). Our Supreme Court has held that "an officer's liability in a civil action for injuries resulting from the officer's vehicular pursuit of a law violator is to be determined pursuant to a gross negligence standard of care." *Id.* Grossly negligent behavior is defined as "wanton conduct done with conscious or reckless disregard for the rights and safety of others." *Id.* at 294, 520 S.E.2d at 117 (citations and quotations omitted). Whether an officer's behavior during pursuit amounted to gross negligence is an issue of law to be determined from the evidence. *Id.* at 293, 520 S.E.2d at 117.

"North Carolina's standard of gross negligence, with regard to police pursuits, is very high and rarely met." *Eckard v. Smith*, 166 N.C. App. 312, 323, 603 S.E.2d 134, 142 (2004). In fact, "we can find no case where this Court or our Supreme Court has found that gross negligence existed." *Villepigue v. City of Danville*, 190 N.C. App. 359, 366, 661 S.E.2d 12, 16 (2008), *disc. review denied*, 362 N.C. 688, 671 S.E.2d 532 (2009).

When determining whether an officer's actions constitute gross negligence, we consider: (1) the reason for the pursuit, (2) the probability of injury to the public due to the officer's decision to begin and maintain pursuit, and (3) the officer's conduct during the pursuit. *See Norris*, 135 N.C. App. at 294–95, 520 S.E.2d at 117.

Relevant considerations under the first prong include whether the officer "was attempting to apprehend someone suspected of violating the law" and whether the suspect could be apprehended by means other than high speed chase. *Id.* at 294, 520 S.E.2d at 117. Here, Officer Campbell smelled marijuana being emitted from a passing vehicle, suggesting a violation of drug laws. Thus, Officer Campbell's reason for engaging in the pursuit was valid and lawful.

When assessing prong two, we look to the (1) time and location of the pursuit, (2) the population of the area, (3) the terrain for the chase, (4) traffic conditions, (5) the speed limit, (6) weather conditions, and (7) the length and duration of the pursuit. *See Id.* at 294-95, 520 S.E.2d at 117.

In *Lunsford v. Renn*, this Court declined to find gross negligence when an officer activated his lights and pursued a vehicle on a Saturday afternoon through heavier than normal traffic on a hilly road past "a residential neighborhood, a business, a church, and a shopping mall." 207 N.C. App. 298, 301, 700 S.E.2d 94, 95-96 (2010). In the case *sub judice*, the pursuit took place on a Saturday afternoon in an area congested with heavier than normal foot traffic. However, Officer LeCompte testified that no vehicle traffic impeded their pursuit and that no pedestrians crossed their path of travel. Moreover, there was no indication of unusually dangerous terrain, the cruiser managed to slow to approximately five m.p.h. over the speed limit immediately preceding the impact, and the pursuit ended within a minute. Therefore, we conclude that these facts are insufficient to establish gross negligence under prong two.

Under the third prong we look to Officer Campbell's conduct during the pursuit. Relevant factors include (1) whether an officer made

**GREENE v. CITY OF GREENVILLE**

[225 N.C. App. 24 (2013)]

use of the lights or siren, (2) whether the pursuit resulted in a collision, (3) whether an officer maintained control of the cruiser, (4) whether an officer followed department policies for pursuits, and (5) the speed of the pursuit. *Norris*, 135 N.C. App. at 295, 520 S.E.2d at 117.

In *Young v. Woodall*, our Supreme Court concluded that the officer's decision not to activate the lights or siren, to enter an intersection while a caution light was flashing, and to exceed the speed limit while in pursuit of a vehicle at approximately 2:00 a.m. were "acts of discretion" which were potentially negligent but did not rise to the level of gross negligence. 343 N.C. 459, 463, 471 S.E.2d 357, 360 (1996).

Here, Officer Campbell followed common procedure and exercised his discretion by waiting to activate the siren and lights. *See Id.* Moreover, there is no evidence that Officer Campbell lost control prior to his attempt to avoid a crash with the vehicle making an unsignaled turn. Although he violated policy by failing to notify the police communications center of the pursuit, this failure does not constitute gross negligence. *See e.g. Id.* (violating a policy requiring that the blue light and siren be activated when a patrol car exceeds the speed limit does not establish gross negligence). Finally, we recognize that Officer Campbell reached a maximum speed of approximately 30 m.p.h. over the speed limit. However, exceeding the speed limit is also insufficient to establish gross negligence. *See Parish v. Hill*, 350 N.C. 231, 245, 513 S.E.2d 547, 555 (1999). We conclude that these circumstances do not demonstrate the degree of reckless indifference toward the safety of others required to establish gross negligence. Accordingly, in light of controlling precedent and the discretion afforded officers in pursuit of law violators, we hold that the trial court erred in denying defendants' motion for summary judgment.

### III.  Conclusion

In sum, the evidence presented in the case *sub judice* does not create a genuine issue of material fact as to whether Officer Campbell's conduct rose to the level of gross negligence per N.C. Gen. Stat. § 20-145. Therefore, the trial court erred in denying defendants' motion for summary judgment. After careful consideration, we reverse the lower court's decision and remand for entry of summary judgment in favor of defendants.

Reversed.

Judges McGEE, and HUNTER, Robert C. concur.